**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN SMITH ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-139 Erie |
| ) | District Judge Cohill |
| UNITED STATES OF AMERICA, et al., ) | Magistrate Judge Baxter |
|        Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss, or in the alternative, for summary judgment as to the Eighth Amendment claim against the individual Defendants [Document # 19] be granted. As Defendants have not moved to dismiss the FTCA claim against the United States of America, it remains pending.

**II.   REPORT**

    **A.   Relevant Procedural History**

On June 26, 2006, Plaintiff, a federal inmate incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as well as a negligence claim under the Federal Tort Claims Act. Named as Defendants are: United States of America; Dr. Herbert Beam; Physician's Assistant Charles Montgomery; Health Services Administrator Rodney Smith; Warden James Sherman; Regional Director Scott Dodrill; and National Inmate Appeals Administrator Harrell Watts. Document # 1. Plaintiff claims he received substandard medical care and seeks monetary damages, as well as injunctive relief in the form of orthopedic shoes and consultation with a back specialist.

1

Defendants have filed a motion to dismiss, or for summary judgment, and despite being granted numerous extensions of time, Plaintiff has failed to file an Opposition brief in response to the pending motion. The issues are ripe for disposition by this Court.

### B.  Standards of Review
#### 1.  *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.  Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v.

Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3.     Motion for summary judgment

Defendants have submitted exhibits in support of their pending motion. Therefore, this Court will construe the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact ⊲to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Corrections Officer. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Corrections Officer. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only

4

precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.      Plaintiff's Relevant Medical History

According to the complaint, Plaintiff slipped and fell, injuring himself around August 31, 2003, while incarcerated in a county jail.  Plaintiff arrived at FCI-McKean on August 11, 2004, and was examined by medical staff who noted in the records that Plaintiff suffered from "chronic lower back pain, cellulitis, lipoma" and was "very obese."  Document # 20-2, Declaration of Herbert Beam, ¶ 5.  Plaintiff was restricted to a lower bunk, from lifting more than 20 pounds, from playing sports and was allowed 10 minute rest breaks every hour.  Id.

On August 20, 2004, Plaintiff reported to emergency sick call complaining of chronic pain [unspecified in the record as to what type of pain].  Id. at ¶ 7.  Plaintiff noted he was not in acute distress and he was assessed with chronic pain syndrome.  Plaintiff was referred to regular sick call.  Id.

On September 2, 2004, Plaintiff was seen at the Chronic Care Clinic.  Id. at ¶ 8.  It was noted that he had a prior surgery on his right ankle in 1989 and that he had flat feet at the arches. Plaintiff complained of pinched disks in his back, carpal tunnel syndrome and foot pain. Plaintiff's restrictions were reviewed (no work, no sports, no heavy lifting and lower bunk) and he was also authorized to wear sneakers for one year.  Id.

On September 9, 2004, Plaintiff complained to Defendant Beam about his shoes.  Id. at ¶9.  On September 15, 2004, Plaintiff was examined by Defendant Beam at health services and was assessed with painful flat feet, bulging discs in L1-5, and mild impingement at L4-5 and L5-S1.  Id. at ¶ 10.  A uric acid test was ordered and Plaintiff was allowed to try to find a more comfortable pair of shoes.  Id.

On October 6, 2004, Plaintiff arrived at Open House demanding the results of the uric acid test, which were normal.  Plaintiff complained of lower back pain but stated that the medication Tegretol was helping.  Plaintiff was prescribed a cane.  Id. at ¶ 11.

On January 20, 2005, Plaintiff was seen at the Chronic Care Clinic and stated that the Tegretol was helping but also complained of pain in his left ankle and at the base of his toes. Plaintiff's Naproxen was changed to Piroxicam. Id. at ¶ 14.

On February 26, 2005, Plaintiff was assessed after he said he was hurt on his Unit. He was prescribed 800 mg of Motrin for pain. Id. at ¶ 15.

On April 20, 2005, Plaintiff was seen at the Chronic Care Clinic complaining of back pain, numbness in the toes, and fatigue. Plaintiff was examined and his medications were renewed. Id. at ¶ 16.

On July 20, 2005, Plaintiff was seen at the Chronic Care Clinic, complaining of the heat and breathing hard at night. Plaintiff was examined for nerve impingement which was negative. Plaintiff's medications were renewed and it was noted he still had sneakers. Id. at ¶ 17.

On August 23, 2005, Plaintiff reported to Health Services requesting special orthopedic shoes. He was assessed with chronic pain syndrome, and educated on Bureau of Prisons policy[1] regarding the medical requirements necessary for a doctor's authorization of special orthopedic shoes. Id. at ¶ 18.

On October 17, 2005, a note was placed in Plaintiff's medical records that during recreation he was observed walking briskly around the track without any visible distress. Id. at ¶ 19.

On October 20, 2005, Plaintiff reported to the Chronic Care Clinic complaining of lower back pain and foot pain. Plaintiff was examined and his medications were reviewed, and he was prescribed a thicker mattress. Id. at ¶ 20.

---

[1] According to Program Statement 6031.01 Patient Care dated January 15, 2005:

> Occasionally custom shoes or orthotic devices may be medically necessary to accommodate a significant foot deformity or to decrease the chance of injury to feet with impaired sensation. For example, an inmate with a diabetic neuropathy may need an extra deep, extra wide toe box in their work shoe in order to minimize irritation.

Document # 20-2, Beam Declaration, ¶ 26.

6

On January 18, 2006, Plaintiff was examined at the Chronic Care Clinic. Plaintiff indicated that his pain was "not too bad." His medications were reviewed. Id. at ¶ 21.

On May 16, 2006, Plaintiff did not show for his appointment at the Chronic Care Clinic. Id. at ¶ 22.

On June 22, 2006, Plaintiff filed the instant lawsuit.

### C.     *Bivens* **Claim**

The individual Defendants argue that summary judgment should be granted in their favor on the Eighth Amendment/Bivens claim as there has been no deliberate indifference to Plaintiff's serious medical needs.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id. Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

7

Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

The medical records, along with the sworn declarations provided by Defendants, reflect that Plaintiff was medically examined and treated repeatedly from the time he entered FCI-McKean. Plaintiff continuously received examinations and pain medications, as well as medical restrictions, special shoes, and a cane. Defendant Dr. Beam, Plaintiff's treating physician explains that surgery or futher treatment of Plaintiff's back is not medically indicated because "he has good mobility, is known to walk the track without problems in doing his exercise (which is essential in treating back pain), no longer has physical findings consistent with nerve compression and expressed partial relief of pain with prescribed medication." Document # 20-2, ¶ 24. As to Plaintiff's request for orthopedic shoes, Dr. Beam explains that Plaintiff does not meet the medical criteria for the orthopedic shoes, but Dr. Beam has permitted Plaintiff to wear sneakers instead of the standard boots due to Plaintiff's flat feet. Id. at ¶ 27.

Here, it is the course of treatment to which Plaintiff objects. Plaintiff wishes for treatment other than that which he has received. The case law clearly establishes that such a claim does not rise to the level of a constitutional violation. Summary judgment should be granted as to the individual Defendants in this regard.

### D.   The Federal Tort Claims Act Claim

The Federal Tort Claims Act (FTCA) does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law

tort action against the federal government in federal court. Hence, in a FTCA action, the district court applies the law of the state in which the act occurred. See 28 U.S.C. § 1346(b); Castillo v. U.S., 2002 WL 1752235, at *3 (7th Cir.2002).

In order to establish a cause of action in negligence under Pennsylvania law, plaintiffs bear the burden of demonstrating that there was (1) a duty or obligation recognized by law, (2) breach of that duty by the defendants, (3) a causal connection between the defendants' breach of that duty and the resulting injury, and (4) actual loss or damage suffered by the complainant. Corrigan v. Methodist Hosp., 2002 WL 31492261, at *7 (E.D.Pa. Nov 07, 2002). All of the elements must be met in order for a plaintiff to recover in tort.

Defendants haves not moved to dismiss or for summary judgment as to this claim.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss, or in the alternative, for summary judgment as to the Eighth Amendment claim against the individual Defendants [Document # 19] be granted. As Defendants have not moved to dismiss the FTCA claim against the United States of America, it remains pending. Because the only remaining claim in this case is an FTCA claim against the United States of America[2], all individual named Defendants should be dismissed and terminated from this docket.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. No extensions of time will be permitted. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

---

[2] All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b).

                                             <u>S/ Susan Paradise Baxter</u>
                                             SUSAN PARADISE BAXTER
                                             Chief U.S. Magistrate Judge

Dated: May 18, 2007