IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 06-cv-139E |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff's "Supplement to Objections to Magistrate Judge Baxter's Report and Recommendation to Dismiss the Individual Defendants and To Motion to Alter and Amend Order of 07/25/07" ("the Supplement") [Doc # 46]. As the title of the document indicates, in the Supplement, Plaintiff seeks to supplement: (1) his earlier objections to Magistrate Judge Baxter's Report and Recommendation that recommended that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be granted and Plaintiff's Eighth Amendment claims against the individual defendants be dismissed; and (2) Plaintiff's Motion to Alter and Amend this Court's Order of July 25, 2007, wherein I adopted the Report and Recommendation of Magistrate Judge Baxter as the Opinion of the court and granted Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgement as to the Eighth Amendment claim against the individual defendants.

This Court ruled on Plaintiff's objections to Magistrate Judge Baxter's Report and Recommendation that recommended that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be granted and Plaintiff's Eighth Amendment claims against the individual defendants be dismissed on July 25, 2007 and Plaintiff's Motion to Alter and Amend

this Court's Order of July 25, 2007 on August 23, 2007. Therefore, we read Plaintiff's Supplement as a request that we reconsider these earlier rulings. Fed.R.Civ.P. 60(b) explains that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed.R.Civ.P. 60(b). Having reviewed the Supplement, the Court does not find any of the above-enumerated circumstances are present in this case. Therefore the Court's July 25, 2007 and August 23, 2007 Orders stand.

Plaintiff, however, does cite in the Supplement to Fed.R.Civ.P. 15(d). Fed.R.Civ.P. 15(d) is entitled "Supplemental Pleadings" and provides that:

> [u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the

2

court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Fed.R.Civ.P. 15(d). It is not clear from the Supplement whether Plaintiff is seeking through the Supplement to supplement his original Complaint to add additional facts. If that is the case, then Plaintiff needs to submit a formal motion, entitled "Motion to Supplement Complaint."

AND NOW, this 28th day of September, 2007, it is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff's "Supplement to Objections to Magistrate Judge Baxter's Report and Recommendation to Dismiss the Individual Defendants and To Motion to Alter and Amend Order of 07/25/07" [Doc. #46] is DENIED.

September 28, 2007

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

3