IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEVIN SMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06-cv-139E |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's "Consolidated Motion For, and Brief in Support of: Enlargement of Time to File Notice of Appeal of Judge McLaughlin's Order of 09/28/07[1] Denying Plaintiff's Motion to Alter and Amend Order of 07/25/07" [Doc. #49]. By this Motion, Plaintiff seeks permission to file out of time an appeal of a September 28, 2007 Order entered by this Court. For the reasons set forth below, Defendant's Motion is denied.

As a matter of background, in a July 25, 2007 Order, we adopted as our Opinion the Report and Recommendation of Magistrate Judge Baxter dated May 18, 2007 wherein she recommended that Plaintiff's claims against a number of Defendants which had been brought pursuant to the Eighth Amendment to the United States Constitution be granted. Significant for purposes of Plaintiff's pending motion, the Report and Recommendation which we adopted as

---

[1]As a point of clarification, the September 28, 2007 Order was signed by the Honorable Maurice B. Cohill, Jr., Senior District Court Judge, not the Honorable Sean McLaughlin, District Court Judge.

our Opinion did not address all of Plaintiff's claims against all of the Defendants; while Plaintiff's Eighth Amendment claims were dismissed and the individual defendants dismissed from the litigation, a Federal Torts Claims Act ("FTCA") claim remains with respect to Defendant United States of America. Thereafter, on August 16, 2007, Plaintiff filed a "Motion to Alter and Amend Memorandum Order of 7/25/2007." We denied the Motion to Alter and Amend on August 23, 2007. Plaintiff then filed a "Supplement to Objections to Magistrate Judge Baxter's Report and Recommendation to Dismiss the Individual Defendants and to Motion to Alter and Amend Order." We treated this Supplement as a motion to reconsider our earlier rulings on the motion for summary judgment and denied said motion on September 28, 2007.

As explained by the United States Court of Appeals in New York Football Giants, Inc. v. Commissioner of Internal Revenue, 349 F.3d 102 (3d Cir. 2003):

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may [pursuant to Fed.R.Civ.P. 54(b)] direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
>
> Absent a Rule 54(b) determination, a district court decision dismissing some, but not all, of the claims before the court is not a "final" order that can be appealed. *E.g., Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1208-09 (3d Cir.1991).

Id. at 105-06. Rule 54(b) provides with respect to a judgment on multiple claims or involving

multiple parties:

> [w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b).

Here, some, but not all, of Plaintiff's claims have been dismissed and there has not been a Rule 54(b) determination made by this Court. Therefore, there is no "final" appealable order relevant to Plaintiff's Eighth Amendment claims against the Defendants. Plaintiff's request to appeal this Court's September 28, 2007 Order is premature and must be denied.

January 15th, 2008

Maurice B. Cohill, Jr.
Senior District Court Judge