IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SMITH<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>    Defendants. | C.A. No. 06-139 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or alternatively for summary judgment filed by the United States of America [Document # 37] should be granted. The Clerk of Courts should be directed to close this case.

It is further recommended that Plaintiff's "Consolidated Motion For, and Brief in Support Of: Supplement of Original Complaint to Include the Attached Supplement Statement of Facts" [Document # 48] be denied as futile.

**II.    REPORT**

    **A.    Relevant Procedural History**

On June 26, 2006, Plaintiff, a federal inmate incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as well as a negligence claim under the Federal Tort Claims Act. Originally named as Defendants were: United States of America; Dr. Herbert Beam; Physician's Assistant Charles Montgomery;

1

Health Services Administrator Rodney Smith; Warden James Sherman; Regional Director Scott Dodrill; and National Inmate Appeals Administrator Harrell Watts. Document # 1. The Eighth Amendment claim and all individually named Defendants have previously been dismissed from this case. See Documents ## 32 and 43. Plaintiff claims he received substandard medical care and seeks monetary damages, as well as injunctive relief in the form of orthopedic shoes and consultation with a back specialist.

The sole remaining Defendant, the United States, has filed a motion to dismiss or for summary judgment as to the only remaining claim (the negligence claim brought under the FTCA). The issues are ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

2

inferences where it is appropriate.

###     2.    Motion to dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

3

### 3. Motion for summary judgment

Exhibits have been submitted in support of the pending dispositive motion. Therefore, this Court will construe the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving

party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'"  Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Company v Zenith Radio Corp., 475 U.S. 574 (1986);  Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions."  Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### C. Plaintiff's Relevant Medical History

According to the complaint, Plaintiff slipped and fell, injuring himself around August 31, 2003, while incarcerated in a county jail. Plaintiff arrived at FCI-McKean on August 11, 2004, and was examined by medical staff who noted in the records that Plaintiff suffered from "chronic lower back pain, cellulitis, lipoma" and was "very obese." Document # 20-2, Declaration of Herbert Beam, ¶ 5. Plaintiff was restricted to a lower bunk, from lifting more than 20 pounds, from playing sports and was allowed 10 minute rest breaks every hour. Id.

On August 20, 2004, Plaintiff reported to emergency sick call complaining of [unspecified] chronic pain. Id. at ¶ 7. Plaintiff noted he was not in acute distress and he was assessed with chronic pain syndrome. Plaintiff was referred to regular sick call. Id.

On September 2, 2004, Plaintiff was seen at the Chronic Care Clinic. Id. at ¶ 8. It was noted that he had a prior surgery on his right ankle in 1989 and that he had flat feet at the arches. Plaintiff complained of pinched disks in his back, carpal tunnel syndrome and foot pain. Plaintiff's restrictions were reviewed (no work, no sports, no heavy lifting and lower bunk) and he was also authorized to wear sneakers for one year. Id.

On September 9, 2004, Plaintiff complained to Dr. Beam about his shoes. Id. at ¶9. On September 15, 2004, Plaintiff was examined by Dr. Beam at health services and was assessed with painful flat feet, bulging discs in L1-5, and mild impingement at L4-5 and L5-S1. Id. at ¶ 10. A uric acid test was ordered and Plaintiff was allowed to try to find a more comfortable pair of shoes. Id.

On October 6, 2004, Plaintiff arrived at Open House demanding the results of the uric acid test, which were normal. Plaintiff complained of lower back pain but stated that the medication Tegretol was helping. Plaintiff was prescribed a cane. Id. at ¶ 11.

On January 20, 2005, Plaintiff was seen at the Chronic Care Clinic and stated that the Tegretol was helping but also complained of pain in his left ankle and at the base of his toes. Plaintiff's Naproxen was changed to Piroxicam. Id. at ¶ 14.

On February 26, 2005, Plaintiff was assessed after he said he was hurt on his Unit. He

was prescribed 800 mg of Motrin for pain. Id. at ¶ 15.

On April 20, 2005, Plaintiff was seen at the Chronic Care Clinic complaining of back pain, numbness in the toes, and fatigue. Plaintiff was examined and his medications were renewed. Id. at ¶ 16.

On July 20, 2005, Plaintiff was seen at the Chronic Care Clinic, complaining of the heat and breathing hard at night. Plaintiff was examined for nerve impingement which was negative. Plaintiff's medications were renewed and it was noted he still had sneakers. Id. at ¶ 17.

On August 23, 2005, Plaintiff reported to Health Services requesting special orthopedic shoes. He was assessed with chronic pain syndrome, and educated on Bureau of Prisons policy regarding the medical requirements necessary for a doctor's authorization of special orthopedic shoes. Id. at ¶ 18. According to Program Statement 6031.01 Patient Care dated January 15, 2005: "Occasionally custom shoes or orthotic devices may be medically necessary to accommodate a significant foot deformity or to decrease the chance of injury to feet with impaired sensation. For example, an inmate with a diabetic neuropathy may need an extra deep, extra wide toe box in their work shoe in order to minimize irritation." Id. at ¶ 26.

On October 17, 2005, a note was placed in Plaintiff's medical records that during recreation he was observed walking briskly around the track without any visible distress. Id. at ¶ 19.

On October 20, 2005, Plaintiff reported to the Chronic Care Clinic complaining of lower back pain and foot pain. Plaintiff was examined and his medications were reviewed, and he was prescribed a thicker mattress. Id. at ¶ 20.

On January 18, 2006, Plaintiff was examined at the Chronic Care Clinic. Plaintiff indicated that his pain was "not too bad." His medications were reviewed. Id. at ¶ 21.

On May 16, 2006, Plaintiff did not show for his appointment at the Chronic Care Clinic. Id. at ¶ 22. Five weeks later, on June 22, 2006, Plaintiff filed the instant lawsuit.

### D. The Federal Tort Claims Act Claim

The Federal Tort Claims Act (FTCA) does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. Hence, in a FTCA action, the district court applies the law of the state in which the act occurred. See 28 U.S.C. § 1346(b); Castillo v. U.S., 2002 WL 1752235, at *3 (7th Cir.2002).

In order to establish a cause of action in negligence under Pennsylvania law, plaintiffs bear the burden of demonstrating that there was (1) a duty or obligation recognized by law, (2) breach of that duty by the defendants, (3) a causal connection between the defendants' breach of that duty and the resulting injury, and (4) actual loss or damage suffered by the complainant. Corrigan v. Methodist Hosp., 2002 WL 31492261, at *7 (E.D.Pa. Nov 07, 2002); Carrozza v. Greenbaum, 866 A.2d 369, 379 (Pa. Super. 2004). All of the elements must be met in order for a plaintiff to recover in tort.

As an initial matter, "where there is no duty of care, there can be no negligence." Maxwell v. Keas, 639 A.2d 1215, 1217 (Pa.Super.1994). "Whether a defendant owes a duty of care to a plaintiff is a question of law" (Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir.1993)) and revolves around the relationship between the two parties. Congress has established a statutory duty of care to be applied when federal prisoners sue the United States for negligence. Title 18 U.S.C. § 4042 requires "the exercise of ordinary diligence" to keep inmates safe from harm. Id. Federal courts have construed this statute to include the duty to provide adequate medical care to all federal inmates.

### 1. Medical Complaints relating to Plaintiff's Back

Plaintiff believes that the government's failure to provide him with access to an orthopedic specialist is negligence. Plaintiff claims that he has "repeatedly sought out the assistance of the medical staff" following a fall in the shower around August 31, 2003, and that

8

"they have singularly and collectively rebuffed" his requests for medical care. Document # 1, ¶25.

Plaintiff cannot satisfy the four-prong test in order to establish a cause of action in negligence. Although the government has a duty of care to the inmate, that duty of "ordinary diligence" does not mandate consultation with an orthopedic specialist. Additionally, Plaintiff cannot show that the failure to provide an orthopedic specialist was a factor in causing harm to Plaintiff or that Plaintiff suffered any damage as a result of that denial. The record before this Court reflects that Plaintiff has been treated by medical staff repeatedly with multiple pain medications as well as restrictions in his physical and work schedules.[1]

Accordingly, Defendant's motion for summary judgment should be granted in this regard.

## 2. Medical Complaints relating to Orthopedic Shoes

In the complaint, Plaintiff explains that prison officials have denied him a previously-issued prescription for orthopedic shoes which he claims were prescribed as a result of an ankle injury which occurred prior to his incarceration. Document # 1, ¶¶ 30, 34. The record reflects that Plaintiff fractured his ankle in 1989 [Document # 20-2, ¶ 25] and Plaintiff was treated by an

---

[1] Generally, under the law of this Commonwealth, a plaintiff must offer an expert witness who will testify to a reasonable degree of medical certainty that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered. Rauch v. Mike-Meyer, 783 A.2d 815, 824 (Pa. Super. 2001). Because the actions of a physician encompass matters not within the ordinary knowledge and experience of layperson, Pennsylvania law requires that allegations of medical malpractice may not be proven without the testimony of "an expert witness who will testify, to a reasonable degree of medical certainty, that the act of a physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." Flannigan v. Labe, 666 A.2d 333, 335 (Pa. Super. 1995). To be admissible, the expert's opinion must be rendered within a reasonable degree of medical certainty. Montgomery v. South Philadelphia Medical Group, 656 A.2d 1385, 1390 (Pa. Super. 1995). At this point in the litigation, neither party has provided this Court with an expert opinion.

orthopedic surgeon from 1989 through 1994 prior to his incarceration [Document # 20-7]. The record does not reflect any specific prescription for special orthopedic shoes. Therefore, the government is not under any duty of care to provide such to Plaintiff during his incarceration. Additionally, Dr. Beam notes in his declaration that such shoes are not medically necessary for Plaintiff. Document # 20-2, ¶ 27.

Accordingly, the motion for summary judgment should be granted in favor of the government.

### E. Futility of Amendment

Plaintiff has filed a motion to file a "supplemental complaint". Document # 48. In the supplemental complaint, Plaintiff provides an ongoing narrative regarding his requests for orthopedic shoes and attempts to amend the complaint in order to revive the previously dismissed Eighth Amendment claims.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002). In this case, Plaintiff's supplemental complaint fails to state a claim upon which relief may be granted.

Accordingly, the motion to amend the complaint should be dismissed as futile.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss or alternatively for summary judgment filed by the United States of America [Document # 37] should be granted.  The Clerk of Courts should be directed to close this case.

It is further recommended that Plaintiff's "Consolidated Motion For, and Brief in Support Of: Supplement of Original Complaint to Include the Attached Supplement Statement of Facts" [Document # 48] be denied as futile.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                                                              S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  January 29, 2008