# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN SMITH,  )
               Plaintiff,  )
v.  )    C.A. No. 06-139 Erie
                  )
UNITED STATES OF AMERICA, et al,  )
               Defendants.  )

## **MEMORANDUM OPINION**

Plaintiff's complaint was received by the Clerk of Court on June 22, 2006, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on January 29, 2008, recommended that the Motion to Dismiss, or In the Alternative, for Summary Judgment filed by the United States of America (Doc. #37) be granted, and that the Clerk of Courts be directed to close the case. It was further recommended that Plaintiff's "Consolidated Motion For, and Brief in Support Of: Supplement of Original Complaint to Include the Attached Supplement Statement of Facts" (Doc. #48) be denied as futile. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Plaintiff by certified mail at FCI McKean, where he is incarcerated, and on Defendants. Plaintiff filed a motion requesting extra time to file his objections to the report and recommendation. Magistrate Judge Baxter granted Plaintiff's motion and allowed him until February 29, 2008 to file objections. Plaintiff filed his objections on March 4, 2008. Although untimely, the Court has considered Plaintiff's objections.

Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part "the district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). After de novo review of the pleadings and documents in the case, together with the report and recommendation, we adopt Magistrate Judge Baxter's January 29, 2008 report and recommendation in part as our opinion, reject

it in part, and recommit the matter to Magistrate Judge Baxter for further consideration. Specifically, we adopt Magistrate Judge Baxter's report and recommendation as our opinion with respect to Plaintiff's FTCA claim related to Defendants' treatment of his back and his motion to file a supplemental complaint related to Defendants' treatment of Plaintiffs' back. We also adopt the report and recommendation as our opinion with respect to Plaintiff's "Consolidated Motion for . . . Supplement of Original Complaint to Include the Attached Supplemental Statement of Facts" to the extent Plaintiff's motion seeks to revive the 8th Amendment claims this Court has previously dismissed.

Said report and recommendation of Magistrate Judge Baxter, however, is rejected and recommitted to Magistrate Judge Baxter for further consideration of Plaintiff's FTCA claim that Defendants "negligently failed to provide Plaintiff with proper (orthopedic) shoes in compliance with his prescription from his surgeon for a previous injury to his ankle." Objections to Magistrate Judge Baxter's Report and Recommendation of 01/29/08 To Grant Summary Judgment, p. 1. Magistrate Judge Baxter concluded in her report and recommendation that "[t]he record does not reflect any specific prescription for special orthopedic shoes" and "[t]herefore, the government is not under any duty of care to provide such to Plaintiff during his incarceration." Report and Recommendation, p. 10. Yet, as Plaintiff points out in his Objections, the record in this case contains an undated document written on a prescription pad from Norman R. Boeve, M.D., A.A.O.S., F.A.C.S., the orthopedic surgeon who treated Plaintiff from 1989 until 1994, which indicates that Plaintiff was to have a right shoe with "1/8" lat sole wedge, 1/4" lat heel wedge and 3/8' lat heel flare." Defendants' Brief in Support of Its Motion to Dismiss Pursuant to FRCP 12(b)(6) or in the Alternative, Motion for Summary Judgment, Exhibit 2B, p. 35. Also contained in the record is a treatment note from Dr. Boeve dated November 14, 1994 that states: "[w]e elected to try lateral wedges and flare and see how he gets along. He will also try to get shoes or boots with firm leather that will hold up well . . . ." As such, there does appear to be in the record a prescription for some sort of "proper (orthopedic) shoe" for Plaintiff.

Said report and recommendation is also rejected and recommitted to Magistrate Judge Baxter for further consideration of Plaintiff's "Consolidated Motion for . . . Supplement of Original Complaint to Include the Attached Supplemental Statement of Facts" to the extent said motion addresses Plaintiff's continued requests for orthopedic shoes.

An appropriate Order follows.

March 13, 2008

*Maurice B. Cohill Jr.*
MAURICE B. COHILL, JR.
United States District Judge

cc:   Susan Paradise Baxter
      U.S. Magistrate Judge

      all parties of record _____

3