### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN SMITH,                          )
                                      )
              Plaintiff,              )
                                      )
v.                                    )        C.A. No. 06-139 Erie
                                      )
UNITED STATES OF AMERICA, et al,      )
                                      )
              Defendants.             )
                                      )

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Kevin Smith's "Motion for Reinstatement of § 1983 Portion of This Case and, the Individual Defendants in their Professional and Individual Capacity" [Doc. #93]. By this motion, Plaintiff is asking this Court to reconsider our decision to dismiss Plaintiff's Eighth Amendment claim against the individually named defendants. This is not the first time Plaintiff has asked this Court to reconsider this decision.

A district court will reconsider an issue "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995) "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D.Pa. Nov 04, 2003)(citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D.Pa. 2002) (citing Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.), affirmed, 31 F.3d 1175 (3d Cir.1994)).

In the instant matter there has not been an intervening change in the controlling law and no new evidence has become available. Further we find that there has been no clear error that needs to be corrected nor has a need to prevent manifest injustice been established. Accordingly, Plaintiff's "Motion for Reinstatement of § 1983 Portion of This Case and, the Individual Defendants in their Professional and Individual Capacity" [Doc. #93] will be denied:

AND NOW, this 20th day of July, 2009, it is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff Kevin Smith's "Motion for Reinstatement of § 1983 Portion of This Case and, the Individual Defendants in their Professional and Individual Capacity" [Doc. #93] is DENIED.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc:     Kevin Smith
        11520–040
        FCI Elkton
        P.O, Box 10
        Lisbon Ohio, 44432